UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>ROTH MANAGEMENT CORPORATION,<br><br>Debtor.<br><br>Bankr. Case No. 10-7663-MM11 | Case No. 13-cv-1824 BAS (DHB)<br>Bankruptcy Case No. 10-7663-MM11<br><br>**ORDER AFFIRMING THE BANKRUPTCY COURT** |
| ANICE M. PLIKAYTIS,<br><br>Appellant,<br><br>v.<br><br>FAIRMOUNT L.P. and DEBRA ANN ROTH,<br><br>Appellees. | |

On December 9, 2014, Appellant Anice Plikaytis appealed a bankruptcy court's determination that a civil judgment against a bankrupt estate was ambiguous on its face. After reviewing the bankruptcy court's factual findings for clear error and the law *de novo*, the Court affirms the bankruptcy court.

**PROCEDURAL BACKGROUND**

In a 2009 jury trial in California state court, Appellant Anice Plikaytis sued her former employers James Roth, Roth Construction Corporation ("RCC"), Roth Management Corporation ("RMC"), and Appellee Fairmount, LP (dba Talmadge Canyon Park) (among others; collectively defendants). The jury found in her favor, awarding money damages.

Following this finding, Plikaytis lodged a proposed judgment with the trial court. RA Tab 40, Doc. 381-4. It enumerated, among other awards, a $280,000 award against defendants RMC, RCC, and Fairmount, jointly and severally. *Id.*

Then the trial court held a hearing on alter ego liability and determined that RCC and RMC were James Roth's alter egos. RA Tab 40, Doc. 381-6, 150.

Consequently, when the court issued its final judgment, it included James Roth as jointly and severally liable for the $280,000 award, along with other judgments against James Roth individually. RA Tab 1, Doc. 5-1, 3. At the bottom of the judgment, the court declared, "The Court further finds that JAMES ROTH, ROTH CONSTRUCTION CORPORATION, and ROTH MANAGEMENT CORPORATION are the alter ego of one another and orders the corporate veil to be pierced." RA Tab 1, Doc. 5-1, 3.

Defendants appealed the judgment, including the finding of alter ego liability, and the alter ego liability was affirmed. *Plikaytis v. Roth*, D056922, 2011 WL 4553127 (Cal. Ct. App. Oct. 4, 2011). The appellate court did not address "reverse veil piercing." *See generally id.*

RMC filed for Chapter 11 bankruptcy in 2010. Plikaytis filed a claim as a judgment creditor of RMC for $4,126,844.86 on the basis of the 2009 civil judgment, including judgments awarded against only Roth individually. RMC's other creditors Debra Roth and Fairmount LP filed objections to Plikaytis' claim.

The bankruptcy court looked beyond the state court judgment because it found the language relating to corporate veil piercing ambiguous. The court found it

ambiguous because the "critical language 'alter ego of one another' is unclear, because the 'one another' is an inherently complicated and ambiguous term where it includes so many permutations, and what I can't do is say that it specifically includes the relevant permutation here, which is RMC being liable for Roth's debt." RA Tab 37 Transcript, 11:9–15.  After looking beyond the four corners of the judgment, the bankruptcy court determined that the trial court did not intend its judgment to be interpreted as authorizing reverse veil piercing.  Accordingly, the court sustained the objections and reduced the debt to only the $280,000 against RMC.

Plikaytis now challenges the bankruptcy court's determination that the judgment was ambiguous, therefore challenging the bankruptcy court's decision to look beyond the four corners of the pleading at the trial record to determine the trial court's intent in its ruling.  ECF 8, 4:15–19.

## JURISDICTION

The Court has jurisdiction to hear this bankruptcy-court appeal under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8001(b).

## STANDARD OF REVIEW

District courts review a bankruptcy court's legal determinations *de novo*. *In re Olshan,* 356 F.3d 1078, 1083 (9th Cir. 2004). That is, the Court reviews the legal issues "independently and without deference." *In re JTS Corp.,* 617 F.3d 1102, 1109 (9th Cir. 2010). However, absent clear error, the district court must accept the bankruptcy court's factual findings. *Id.* at 1109.

# DISCUSSION[1]

Collateral estoppel, also called "issue preclusion," prevents relitigation of issues argued and decided in prior proceedings. *Hernandez v. City of Pomona*, 46 Cal.4th 501, 511 (2009) (citing *Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990)). For issue preclusion to apply, the issue must have been properly raised, submitted for determination, and actually determined in that proceeding. *Hernandez*, 46 Cal.4th at 511 (citing *People v. Sims*, 32 Cal.3d 468, 484 (1982)). Courts must look "look carefully at the entire record from the prior proceeding, including pleadings, the evidence, the jury instructions, and any special jury findings or verdicts." *Hernandez*, 46 Cal.4th at 511.

At times, the judgment roll itself unambiguously addresses an issue. *Aerojet-General Corp. v. American Excess Ins. Co*, 97 Cal.App.4th 387, 399.[2] If this judgment is based on the merits, it precludes relitigating the issues. However, if the judgment "depend[s] wholly upon the whim of the first judge, or more probably, on the form of proposed order drafted by successful counsel[,]" it is "clearly not on the merits" and the "court's intention to make it a *bar* is immaterial." *Goddard v. Security Title Ins. & Guar. Co.* 14 Cal.2d 47, 54 (1939) (italics in original) (internal quotations omitted).

---

[1] The Court applies the California state law of collateral estoppel, therefore the case references herein refer to California state law. *See In re Bugan*, 33 F.3d 1054, 1057 (9th Cir. 1994).

[2] The *Aerojet* court refused to permit Aerojet to relitigate the breadth of a declaratory judgment holding that its insurer had no duty to indemnify it for any "release of waste materials at or from property occupied at one time or another by Aerojet in Eastern Sacramento County[.]" However, *Aerojet* involves an aspect of *res judicata* not relevant here. "'If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged. The reason for this is manifest. A party cannot by negligence or design withhold issues and litigate them in consecutive actions. Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable.'" *Aerojet*, 97 Cal. App. 4th 387, 402 (quoting *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202 (italics in original)). In this case, corporate veil piercing was clearly litigable because it was actually litigated, and therefore the breadth of the ruling is not in question. Thus, the holding in *Aerojet* is inapplicable to the present case.

*Goddard* posits the hypothetical of an order sustaining a demurrer based on a technicality. *Id.* The plaintiff would, generally, have the opportunity to refile the complaint. However, if the court added the unambiguous but unsupported language "with prejudice" to its dismissal, the plaintiff would be wrongly prohibited from filing a new complaint. *Id.* "If the trial court has no authority to add the term 'with prejudice' to a judgment not on the merits, it necessarily follows that the unauthorized addition of this term cannot so radically change the effect of the judgment as to make it a bar even though it is not on the merits." *Id.* (internal citations omitted).

Here, the proposed order was drafted by successful counsel, and successful counsel seeks to radically expand the judgment to include a broader definition of "corporate veil" than currently recognized in California. *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1513 (2008) (declining to permit reverse veil piercing to satisfy creditors). It would incentivize intentionally sloppy, overbroad, or legally unsupported drafting of proposed orders if unambiguous judgments could not be contested in any circumstance. Consequently, establishing the scope of a judgment's issue preclusion can include a careful review of the record, as authorized in *Hernandez*, even absent any ambiguity.

However, this record review is not tantamount to a relitigation of the previous issues. It is simply to answer two questions: (1) what did the previous court rule on this issue and (2) did that ruling reach the merits?[3] If the state trial court in this case invented a new doctrine of reverse veil piercing from whole cloth and predicated its judgment on that rule, then it is the law of the case and binding on the bankruptcy court. If, as is more likely, there is some unintentional

---

[3] These are the two questions at issue in this case. They are a distillation of the issue preclusion test laid out in *Hernandez*, which additionally requires the issue to be (1) identical in both proceedings, (2) necessarily decided, and (3) privity or identical parties. *Hernandez*, 46 Cal.4th at 511. The entire issue preclusion test applies in general; here, only the previous court's ruling and whether that ruling was on the merits were challenged on appeal.

1  consequence of the wording of the judgment that the trial court overlooked, the bankruptcy court may review the record to effectuate the judgment as the trial court intended. The trial court's intention is a factual question properly determined by the bankruptcy court.[4]

The Court finds that the bankruptcy court's legal determination that the judgment was "ambiguous" was inaccurate. On its face, the judgment appears unambiguous, and its use of the phrase "one another," giving rise to six different permutations of alter ego liability, does not in itself render its terms ambiguous. ECF 7, 13:22–14:4. However, in light of obviously contrary legal precedent, the judgment's wording appears to have unintended consequences. At that point, a sister court is permitted to make an independent inquiry into the record to effectuate the court's intent.

In fact, this is exactly what the bankruptcy court did. The bankruptcy court accurately articulated its role, "It's my job to figure out what the court intended[.]" ECF 14:12–17. The bankruptcy court reviewed the record, which "include[s] a judgment in a certain amount, includes the abstract in a certain amount, [and] includes the fact that reverse piercing was not apparently discussed during the amendment of the judgment[,]" and she determined that the trial court did not intend to include corporate liability for James Roth's debts. ECF 7, 12:18–21. This Court can find no clear error in the factual finding from the bankruptcy court.

Accordingly, the bankruptcy court's judgment is affirmed.

**IT IS SO ORDERED.**

**DATED: August 26, 2014**

Hon. Cynthia Bashant
United States District Judge

---

[4] Collateral estoppel is a "matter of constitutional fact we must decide through an examination of the entire record." *Ashe v. Swenson*, 397 U.S. 436, 442 (1970). Though collateral estoppel can take on a constitutional dimension, it is properly analyzed as a factual question for the trier of fact.